Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7470 | **DATE** | 8/22/2002 |
| **CASE TITLE** | Donna B. Fischer vs. Ameritech | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The court grants Ameritech's motion for summary judgment (Doc. No. 71-1) and enters judgment in favor of Defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 3 2002 date docketed | |
| | Notified counsel by telephone. | | | 78 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/22/2002 date mailed notice | |
| | ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
AUG 2 3 2002

| | | |
|---|---|---|
| DONNA B. FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | 98 C 7470 |
| | ) | |
| v. | ) | U.S. District Judge |
| | ) | Rebecca R. Pallmeyer |
| AMERITECH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donna Fischer ("Fischer"), *pro se*, filed suit against her former employer, Defendant Ameritech Services, Inc. ("Ameritech"). In her original complaint, Fischer alleged that Ameritech violated the Americans with Disabilities Act, 42 U.S.C § 12101 et. seq. ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII") when it suspended her, failed to promote her, and failed to accommodate her back injury. The court granted summary judgment for Ameritech on all of Fischer's original claims. See *Fischer v. Ameritech*, No. 98 C 7470, 2001 WL 1135805, at *1 (N.D. Ill. Sept. 26, 2001). Fischer's amended complaint charges Ameritech with violating the ADA and Title VII by harassing, retaliating against, and discharging her. Ameritech moves for summary judgment on each of Fischer's claims. For the reasons set forth below, the court again grants Ameritech's motion for summary judgment.

## FACTUAL BACKGROUND

The court presented the facts concerning Fischer's initial claims in its previous decision, and presumes the reader's familiarity with those background facts. See *Fischer*, 2001 WL 11535805. In addition, Ameritech has submitted a Local Rule 56.1 Statement setting forth the facts relevant to the court's decision on this motion. As required by this court, Ameritech provided Fischer with written warnings concerning the requirements of Local Rule 56 and the ramifications of summary judgment (Doc. No. 72), and Fischer was familiar with the procedure,

1

having lost her earlier claims on summary judgment. Fischer nevertheless failed to comply with this court's Local Rule and submitted no response to Ameritech's Local Rule 56.1 Statement. Accordingly the facts set forth in that document are presumed as true.

Fischer began working for Ameritech in July 1995 as a customer service representative at its facility in Arlington Heights, Illinois. As a customer service representative, Fischer was responsible for responding to telephone calls from customers regarding inquiries, orders, requests, and complaints. See *Fischer*, 2001 WL 1135805 at *1.

As more fully described in the court's earlier opinion, in February 1998, two of Ameritech's customers lodged complaints about Fischer's conduct and attitude. See *id.* at *1-2. Ameritech suspended Fischer and scheduled a termination hearing, but after union intervention, the parties entered into a "Back to Work" agreement in March 1998. (Ameritech's 56.1(a) Statement (hereinafter "Amer. 56.1(a) St.") ¶¶ 8-9.) Pursuant to that agreement, Ameritech permitted Fischer to resume working, but Fischer expressly acknowledged that she had been "suspended pending dismissal for customer mistreats." (*Id.* ¶ 9.) The agreement provided that if Fischer was the subject of another customer complaint or was "observed on a call where the company feels the customer has been mistreated," Ameritech reserved the right to dismiss her immediately. (*Id.* ¶ 10; Back to Work Agreement, Exhibit 5 to Ameritech's Motion for Summary Judgment.) Ameritech also retained the right to dismiss Fischer if she failed "to respond to customers in an appropriate manner" or used an inappropriate tone with customers. (*Id.* ¶ 10; Back to Work Agreement, Exhibit 5 to Ameritech's Motion for Summary Judgment.)

Ameritech requires all customer service representatives to follow a Customer First Call Flow process ("Call Process"). (Amer. 56.1(a) St. ¶ 12.) Pursuant to the Call Process, Fischer was required to open each call she received by providing the company name and her own name, and expressing a willingness to assist the customer. (*Id.*) Fischer was then to engage in a fact-finding inquiry with the customer in an attempt to resolve the customer's concerns. (*Id.*)

2

Finally, she was to "transition to a needs based sales inquiry" and close the call by repeating the company name and her own name. (*Id.*)

In September 1998, Craig Arend became Fischer's immediate supervisor. (*Id.* ¶ 11.) On November 11, 1998, Arend observed Fischer's failure to comply with the Call Process on three separate phone calls. (*Id.* ¶ 13.) On each of the calls, Fischer either neglected to indicate a willingness to help, failed to engage in call resolution, did not bridge to a sales inquiry, or failed to end with a positive close. (*Id.*; Customer First Review of Donna Fischer, Exhibit 8 to Ameritech's Motion for Summary Judgment.) On November 12, 1998, Arend placed Fischer on warning for these infractions, and Arend, Fischer, and a union representative signed a letter to that effect. (Amer. 56.1(a) St. ¶ 13; Verbal Warning Letter, Exhibit 6 to Ameritech's Motion for Summary Judgment.) The warning letter advised Fischer: "Continued failure to conform will result in further disciplinary action up to and including dismissal." (Verbal Warning Letter, Exhibit 6 to Ameritech's Motion for Summary Judgment.)

On November 23, 1998, Arend issued Fischer a final warning letter for her failure to follow the Call Process and for failing to meet minimum productivity standards. (Amer. 56.1(a) St. ¶ 14; Final Warning Letter, Exhibit 9 to Ameritech's Motion for Summary Judgment.) This final letter again warned that continued non-conformance with the Call Process would "result in further disciplinary action up to and including dismissal." (*Id.*) Fischer concedes that she failed to meet productivity standards in late 1998. (Amer. 56.1(a) St. ¶ 15; Deposition of Donna Fischer, Exhibit 4 to Ameritech's Motion for Summary Judgment (hereinafter "Fischer Dep.") at 23-24.) On December 15, 1998, Arend disciplined Fischer because she failed to follow company policy regarding adjustments on customer accounts. (Amer. 56.1(a) St. ¶ 16.) On December 28, 1998, Arend placed Fischer on three-day suspension without pay for continued unsatisfactory performance and failure to meet all job expectations, specifically with regards to

a December 23 call in which she failed to follow the Call Process and failed to adjust an account. (Amer. 56.1(a) St. ¶¶ 16-17.)

On January 18, 1999, Arend discharged Fischer for violating her Back to Work agreement. (*Id.* ¶ 18.) As memorialized in notes he prepared that day, Arend observed a call and noted that Fischer "antagonized the customer by asking for information to be repeated, not using reference materials to give correct answers, not following escalation process, and frustrating the customer into requesting a supervisor, then to compound the problem placed the customer on hold for over two minutes and never calling for assistance."[1] (Id.; Arend Notes dated January 18, 1999, Exhibit 17 to Ameritech's Motion for Summary Judgment.) Fischer claims, without any evidentiary support, that Arend deliberately sabotaged her work performance by directing a complaining customer to Fischer's phone line, slowing down her computer system, and causing her computer to lose information that she had already entered. (Fischer's Response ¶ 8.) Fischer also alleges that she transferred the call to the Help Desk. Arend advised her that she had not done so, and informed her that her discharge was the result of her mistreatment of a customer in violation of her Back to Work agreement. (Amer. 56.1(a) St. ¶ 19.)

On November 3, 1999, Fischer filed a charge against Ameritech with the Equal Employment Opportunity Commission ("EEOC") in which she alleged: "I have been discriminated against because of my race, American-Indian, and retaliated against for filing previous Title VII charges, and because of my disability. . . . I was verbally harassed, suspended and terminated based on a false accusation that I had mistreated a customer, whereas non-American-Indian employees, and employees who did not oppose discrimination but who had committed similar infractions, were not terminated. Additionally, I believe I was discriminated against because of my disability." (*Id.* ¶ 24; EEOC Charge, Exhibit 21 to

---

[1] It is unclear from either Fischer's or Ameritech's submissions whether this call took place on January 18, 1999 or on a previous date. Arend's notes concerning the call are dated January 18, 1999.

4

Ameritech's Motion for Summary Judgment (hereinafter "EEOC Charge").) In the EEOC Charge, Fischer also checked the box labeled "sex" under "Cause of Discrimination Based On," but provided no information or specific facts relating to gender discrimination. (Amer. 56.1(a) St. ¶ 25; EEOC Charge.)

The EEOC sent Fischer a Dismissal and Notice of Rights on August 14, 2000, and again on September 15, 2000 because the August Notice had been returned unclaimed, which stated that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." (Amer. 56.1(a) St. ¶¶ 32-33; EEOC Dismissal and Notice of Rights, Exhibit 22 to Ameritech's Motion for Summary Judgment.)

Fischer claims that she is disabled by a herniated or bulging disk in her back. (Amer. 56.1(a) St. ¶ 26; Fischer Dep. at 65.) She acknowledged in her deposition that her back condition remained essentially unchanged from March 1998 to January 1999. (Amer. 56.1(a) St. ¶ 26; Fischer Dep. at 65.) Fischer also claims that she is an American Indian. (Fischer's Response ¶ 20; EEOC Charge.) Fischer does not recall any derogatory remarks by Arend concerning her gender, race, or national origin. (Amer. 56.1(a) St. ¶ 31; Fischer Dep. at 74-76.) She does claim that in the fall of 1998, Arend called her American Indian coffee cup "ugly." (Amer. 56.1(a) St. ¶ 31; Fischer Dep. at 74-76.)

## DISCUSSION

### A. Summary Judgment Standard

This court set forth the summary judgment standards in its previous opinion in this case: a motion for summary judgment will be granted only if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c). The court must consider the evidence and draw all reasonable inferences in favor of the nonmoving party. See Bennington v. Caterpillar Inc., 275 F.3d 654, 658 (7th Cir. 2001).

In an employment discrimination case, conclusory allegations alone cannot defeat a summary judgment motion. See Fisher v. Wayne Dalton Corp., 139 F.3d 1137, 1140 (7th Cir.

5

1998). "Speculation does not create a *genuine* issue of fact, instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995). The fact-intensive nature of employment discrimination cases does not oblige the court to "scour the record" for factual disputes to help the plaintiff avert summary judgment. *See Greer v. Bd. Of Ed. Of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

## B. Failure to comply with Local Rule 56.1

Local Rule 56.1 ("L.R. 56.1") details this court's requirements for filing and responding to a summary judgment motion. The rule requires that the moving party file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." L.R. 56.1(a)(3). L.R. 56.1 also requires the non-moving party to respond to each of the moving party's undisputed facts, stating the basis for disagreement and identifying evidentiary support for the non-moving party's position. L.R. 56.1(b)(3)(A). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(B).

As noted, Fischer failed to abide by the requirements set forth in L.R. 56.1(b)(3). She failed to specifically respond to each of Ameritech's undisputed facts. She also failed to provide evidence to corroborate her position on those facts that she contradicted in her memorandum opposing Ameritech's summary judgment motion. While the court will read the pleadings of *pro se* parties liberally, the purpose of the liberal reading "is to give a *pro se* plaintiff a break when although he stumbles on a technicality, his pleading is otherwise understandable." *Greer*, 267 F.3d at 727. When the *pro se* party has full awareness of procedural requirements, *pro se* status does not excuse a failure to comply. *See Akpan v. Jewel Food Stores, Inc.*, No. 00-6388, 2001 WL 1359858, at *3 (N.D. Ill. Nov. 5, 2001).

Fischer received notice of her duties in relation to this motion and faced a summary judgment motion against her previous complaint. Because she nevertheless failed to comply with L.R. 56.1, "all material facts set forth in the statement required of the moving party will be deemed to be admitted."[2] *Id* at 2. The court must also accept as true any relevant facts set forth by Ameritech that Fischer did deny but failed to support with documentation. *See McConnell v. Carlton Club/Ritz Carlton Hotel*, No. 01-1874, 2001 WL 1539163, at *1 (N.D. Ill. Nov. 30, 2001). Fischer's failure bears significantly on her opposition to Ameritech's summary judgment motion: because she failed to contest Ameritech's facts, no material factual dispute exists.

## C. Discrimination in Violation of the ADA

The ADA provides that no employer covered by the statute "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a). To prove discrimination under the ADA, a plaintiff must show 1) that she is disabled under the ADA definition, 2) that she is otherwise qualified, with or without accommodations, to perform the essential functions of the job, and 3) that she suffered an adverse employment decision because of her disability. *See Dvorak v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 483 (7th Cir. 2002). If the court concludes that a person is not disabled under the ADA definition, it need not address the second and third steps of the analysis. *See Roth v. Lutheran General Hosp.*, 57 F.3d 1446, 1454 (7th Cir. 1995).

This court previously found that Fischer did not meet the ADA's requirements of disability. *See Fischer*, 2001 WL 1135805, at *8. Fischer did not suffer from a substantial impairment of any major life activities. While Fischer did experience some occasional

---

2   Ameritech served Fischer with "Notice to the Pro Se Litigant Opposing Motion for Summary Judgment." Ameritech filed this notice with the court on May 1, 2002. (Ameritech's Reply in Support of Its Motion for Summary Judgment at 2.)

difficulties climbing stairs, the court found that this challenge did not amount to a substantial impairment on the activity of walking. *Id.* at *8-9. With regard to the activity of working, this court noted that no doctor has ever told Fischer that she is unable to work and that she has held approximately eight jobs since leaving Ameritech. Id.

The court concluded that Fischer was not disabled under the ADA based on information from March 1998. Fischer now asks this court to make a different determination based on the same information, but she has not presented any evidence to contradict the statement in Ameritech's L.R. 56.1 statement of facts that her condition did not change from March 1998 to January 1999. In fact, she acknowledged in her deposition that there was no change in her condition during this period. (Amer. 56.1(a) St. ¶ 26, Fischer Dep. at 65.) For the reasons explained in this court's previous decision, Fischer is not disabled under the ADA. Accordingly, Ameritech's summary judgment motion on this claim is granted.

## D. Discrimination in Violation of Title VII

Fischer claims that Ameritech violated Title VII by discriminating against and discharging her because of her Cherokee Indian heritage.[3] Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff can prove Title VII discrimination by producing direct evidence of discrimination or by proceeding under the *McDonnell Douglas* burden shifting method. *See, e.g., See Contreras v. Suncast Corp.*, 237 F.3d 756, 761 (7th Cir. 2001). Fischer did not produce any direct evidence of national origin, race, or sex discrimination.

Under the burden shifting method, to make a prima facie showing of discrimination, the plaintiff must demonstrate that: 1) she belongs to a protected class, 2) she performed her job

---

[3] Fischer has also asserted that Ameritech discriminated against her because of her sex. Fischer presented absolutely no evidence or arguments in support of that contention, however. For this reason, the court grants summary judgment to Ameritech on Fischer's sex discrimination claim.

8

satisfactorily and satisfied her employer's legitimate expectations, 3) she suffered an adverse employment action, and 4) her employer treated similarly situated employees outside of her protected class more favorably. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Contreras*, 237 F.3d at 759. Once the plaintiff satisfies each of these elements, the burden shifts to the defendant to provide a non-discriminatory explanation for the adverse employment action. *See Contreras*, 237 F.3d at 802-03. The defendant "need only produce admissible evidence which would allow the trier of fact to rationally conclude that the employment decision has not been motivated by discriminatory animus." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 257 (1981), *quoted in Contreras*, 237 F.3d at 760. When the defendant successfully satisfies this requirement, the plaintiff must show by a preponderance of the evidence that the reason given by the employer is a pretext for discrimination. *Contreras*, 237 F.3d at 760.

Fischer failed to make a prima facie showing of discrimination. She clearly failed to satisfy the second and fourth prongs of the test.[4] As Ameritech noted, Fischer did not meet its

---

[4] In its previous decision, the court assumed Fischer could satisfy the first prong of the test by alleging that she is of Cherokee Indian heritage. Having again considered the matter, however, the court notes its doubts concerning that assumption. In order to be guilty of intentionally discriminating against Fischer on the basis of her national origin, Ameritech decision-makers must have been aware of her national origin; but there is no credible evidence that they were. As noted in the earlier decision, Fischer testified that her father is German and her mother is of Scottish, Irish, French, and Cherokee Indian origin. In support of her assertion that a previous supervisor knew she was of Cherokee origin, Fischer referred to a list of Ameritech employees who have apparently been suspended for mistreatment of customers, identifying each such employee by race; but Fischer never explained the origin of the list, and there is no evidence that anyone at Ameritech prepared it, or that anybody at Ameritech saw it prior to her suspension or termination. In fact, as noted earlier, it appears that the list was created after this litigation began. Fischer did identify herself as of "Cherokee heritage" in a union grievance, but she offered no evidence concerning which Ameritech employees might have seen or known about the grievance. Fischer's other "evidence" that Ameritech staff were aware of her descent—the facts that she wore clothing bearing the "Cherokee" brand name and native American jewelry, used a coffee mug with an American Indian design, and kept native American artwork on her desk—is obviously insufficient. Fischer herself acknowledged that people are unable to determine her racial background from her appearance alone; she testified at her deposition that "Some people think I'm Spanish. Some people think I'm Greek. Some people think I'm Italian. And some people say, you know, are you American Indian." Fischer's certainty that a supervisor several tiers above her in the Ameritech hierarchy knew of her ethnic background is apparently based on nothing more than Fischer's own racial stereotype: The supervisor in question is African American, and Fischer claims she "never met a black person that could not identify that [she] was of Native American heritage. They can

(continued...)

9

legitimate expectations because she repeatedly failed to adhere to the Call Flow Process when answering customer calls. Ameritech also claims that Fischer made account adjustments that violated company policies. Fischer's supervisor, Craig Arend, recorded a call in which Fischer frustrated the customer by repeatedly asking for the same information, by refusing to transfer the call when the customer asked to speak to a manager, and by leaving the customer on hold for over two minutes. Under Fischer's Back to Work agreement, any inappropriate handling of a customer call allowed for Fischer's immediate discharge. The record plainly reflects Ameritech's repeated warnings to Fischer about her unsatisfactory work performance, and she does not dispute that her performance was below par. If an employee cannot establish that she performed her job satisfactorily, she is not entitled to a trial and the *McDonnell Douglas* inquiry need not continue. See *Contreras*, 237 F.3d at 761. Furthermore, Fischer's failure to show that she was meeting Ameritech's legitimate expectations supplies Ameritech with a legitimate, non-discriminatory basis for discharging her. Fischer cannot make a prima facie showing of discrimination, nor does she can she demonstrate that Ameritech's proffered reason for firing her was a pretext for discrimination. Ameritech's motion for summary judgment on this claim is granted.

### E. Harassment in Violation of Title VII

Fischer claims that Ameritech harassed her by creating a hostile work environment.[5] Whether a hostile work environment exists is a matter of law. See *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 345 (7th Cir. 1999). In order to meet her burden of showing a hostile work environment, Fischer must provide evidence of a subjectively and objectively hostile work environment. *Id.*

---

(...continued)
spot it right away." See *Fischer*, 2001 WL 1135805, *3-4. In light of its conclusion that Fischer cannot establish the second and forth prongs of a *prima facie* case, the court need not reach this issue, but notes that Plaintiff might well be unable to meet this element, as well.

[5]    Fischer's claim of harassment under the ADA inevitably fails because the court has already found that Fischer lacks disability under the ADA and therefore is not protected by the statute.

Fischer produced no evidence that she experienced racial or sexual harassment while working for Ameritech. Fischer claims that Ameritech disciplined her on account of her race and sex; however, without evidence to substantiate these claims, no genuine issue of material fact exists. Conclusory statements cannot satisfy Fischer's burden. *See Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 984-85 (7th Cir. 1999). Because Fischer has not identified any evidence in support of her speculative statements, the court grants summary judgment for Ameritech on Fischer's Title VII harassment claim.

### F. Retaliation in Violation of Title VII

Fischer claims that Ameritech discharged her in retaliation for filing charges of discrimination in May 1998.[6] Title VII prohibits discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, or assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

To prove retaliation under this provision, Fischer must present direct evidence or proceed under the burden-shifting method. Fischer provides no direct evidence of retaliation. Under the burden-shifting approach, she would have to show that: 1) she engaged in a statutorily protected activity, 2) she suffered an adverse employment action, and 3) a causal connection links the two. *Contreras*, 237 F.3d at 765. If the plaintiff makes this showing, the burden shifts to the employer to provide a legitimate reason for the adverse employment action. If the employer satisfies this requirement, the burden then shifts back to the plaintiff to show that the reason given by the employer is simply a pretext for retaliation. *Id.*

While Fischer satisfied the test's first and second prongs, she failed to show that a causal connection links the two. Fischer filed discrimination charges against Ameritech in May 1998, eight months prior to her discharge. (Amer. 56.1(a) St. ¶ 23.) Temporal proximity alone does not to satisfy the third prong of this test, and the eight months that elapsed between

---

[6] Fischer's claim of retaliation under the ADA fails because, as concluded earlier, Fischer is not disabled within the meaning of the ADA.

11

Fischer's complaints and her discharge here are too long to be probative of retaliation. *See Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir. 1998) (holding five months between the protected activity and the adverse employment action was too long to demonstrate a causal link between the two events without more evidence); *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir. 1992) (holding four months too long). Notably, Arend did not become Fischer's supervisor until four months after she filed those charges, and there is no evidence that Arend considered Fischer's earlier complaints when he discharged her, or for that matter, that he even knew about the complaints. (*Id.* ¶ 11.) Indeed, the record is clear that Arend disciplined and discharged Fischer for her numerous and repeated violations of company policy. Fischer failed to make a prima facie showing of retaliation and the court grants summary judgment for Ameritech on this claim.

## G. Discrimination Based on a Refusal to Use Illegal Drugs

Fischer indicated on her complaint of employment discrimination that Ameritech discriminated against her because she refused to use illegal drugs. (Complaint of Employment Discrimination ¶ 9.) Plaintiff does not explain how this absurd claim implicates any federal statute, nor has she produced a shred of evidence that supports it. The court grants summary judgment for Ameritech on this issue.

12

## CONCLUSION

The court finds no disputes of material fact on Fischer's claims of Title VII discrimination, harassment, and retaliation and grants summary judgment for Ameritech as a matter of law on those claims. Moreover, the facts do not sufficiently create a dispute concerning Fischer's claims of ADA violation, sex discrimination, or discrimination on the basis of a refusal to use drugs. The court grants Ameritech's motion for summary judgment (Doc. No. 71-1) and enters judgment in favor of Defendant.

ENTER:

Dated: August 22, 2002

REBECCA R. PALLMEYER
United States District Judge